UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01658-RLY-DML |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| CYNTHIA KEOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01654-SEB-DML |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| DARRIEUX PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01653-SEB-DML |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>Order Granting Motions for Leave to Amend</u>**

These matters are before the court on the plaintiffs' motions for leave to amend (Dkt. 7 in each of the cases). The court has reviewed the proposed amended complaints, the parties' briefing of the issues presented, and counsels' oral arguments made on June 23, 2011. The proposed amended complaints, viewed in connection with the circumstances of these three cases

and the procedural history of related litigation, satisfy the good cause standard of Fed.R.Civ.P. 16 as well as the liberal standard of Fed.R.Civ.P. 15(a). Leave to amend is therefore GRANTED.

Defendant Eli Lilly and Company ("Lilly") raises two principal, related arguments in opposition to amendment. First, Lilly maintains that this court has already determined twice in the context of the former *Welch* case[1] that the plaintiffs cannot demonstrate the requisite good cause for amending after the case management deadline for doing so. Second, it argues that the plaintiffs have unduly delayed seeking amendment and that it will be severely prejudiced if the amended complaints are permitted. Although these arguments have superficial appeal, the court finds them unpersuasive upon a deeper look at the history of the *Welch* case, its relationship to these cases, and the proposed amendments at issue here.

**Good Cause for Amendment and Prior *Welch* Orders**

Lilly's argument that the plaintiffs must demonstrate good cause because the case management plan deadline for amendment has passed is grounded in an assumption that should be addressed first. In making this argument, Lilly refers to the case management deadline adopted in the *Welch* case. Citing Chief Judge Young's order in *Welch* that the individual cases "shall be considered a continuation of this action" and are "subject to all prior rulings in this action to the extent applicable" (*Welch* Dkt. 541), Lilly maintains that the *Welch* deadline for amendment—November 1, 2007—applies here. But this court has never ordered that the case management plan adopted in *Welch* supplies the deadlines for the individual cases filed in late 2010, and indeed, Lilly has not argued that any other deadline from the *Welch* case management plan governs these cases. Although the tortuous history of the *Welch* case certainly counsels in

---

[1] *Welch et al. v. Eli Lilly and Company*, Case No. 1:06-cv-0641-RLY-DML ("*Welch*").

favor of short, firm deadlines in these individual cases, the *Welch* deadlines do not automatically apply in these cases.[2]

In terms of "prior rulings" during the *Welch* case, Lilly points out that Chief Judge Young twice denied the plaintiffs leave to amend and in doing so noted that it would be unfair to "inject new theories" into the case after it had been pending for three years. (*Welch* Dkt. 390 p.4). But the circumstances of those denials are illuminating. The *Welch* case, from its filing in 2006, had been prosecuted as a class action. Class theories of relief dominated the Second Amended Complaint, filed in 2008, which identified 138 individuals who brought claims on their own behalf and on behalf of a putative class. As to most of those plaintiffs, the Second Amended Complaint (which became the operative complaint in *Welch*) included a paragraph or two outlining his or her individual allegations.

In April of 2009, Lilly filed its Motion to Deny Class Certification, formally challenging the plaintiffs' ability to demonstrate the propriety of class certification.[3] The plaintiffs sought leave to file a third amended complaint to assert another class claim based on a disparate impact theory. This court denied leave to amend, primarily because the court had already twice dismissed disparate impact claims and found the proposed new claims also deficient. (*Welch* Dkt. 357 pp. 4-15). That order devoted one paragraph to the timeliness issue, but the court's observations relate to the plaintiffs' late attempt to add a distinct new cause of action on a class-wide basis. *Id*. at 4.

---

[2] Moreover, on more than one occasion during *Welch*, this court noted that the focus of case management was on the putative class claims. *See* Dkt. ## 41, p.3, 46, p.3, 258, p.1.

[3] This procedural posture was anomalous; the plaintiffs had not themselves amassed the requisite common proof necessary to bring a formal motion for class certification.

The court's denial of leave to assert a new class-wide disparate impact theory was the final nail in the coffin for the plaintiffs' attempts to maintain a viable class action. They thereafter sought leave, as part of the *Welch* case, to file a new amended complaint of over 100 pages that included detailed, individualized allegations with respect to each of the named plaintiffs, who as a result of the failure of the class theories were now 51 in number. Lilly cried foul, arguing that requiring it to answer individualized and facially unrelated allegations by 51 different plaintiffs would be prejudicial. This court agreed, based on its conclusion that the joinder of 51 plaintiffs in a single lawsuit was "impracticable." (*Welch* Dkt. 390 p. 3) This court's "misjoinder" determination ultimately led to the dismissal of the *Welch* case and a requirement that any individual plaintiff who wanted to maintain an action would be required to file, by a specified deadline, an individual action against Lilly. Approximately 30 of the 51 plaintiffs have done so. Chief Judge Young's rejection of the joinder of the individual claims of 51 plaintiffs in a massive, unwieldy complaint in a single lawsuit is not dispositive of the issue presented in these three separate cases.[4]

Finally, the court notes that the plaintiffs in these three cases did not just recently seek leave to amend. Rather, they sought leave to amend before the severance order in *Welch*. That order (*Welch* Dkt. 541 ) specifically noted the pendency of those motions, directed the plaintiffs if they continued to seek amendment to refile the motions in their individual cases, and memorialized the parties' agreement that the motions would be considered as having been filed

---

[4] Chief Judge Young's order also pointed out that the individual allegations of several plaintiffs in the proposed Third Amended Complaint in *Welch* were inconsistent with or not encompassed by the general individual allegations in the Second Amended Complaint. *See Welch* Dkt. 390 at p. 4. The court will address that issue in the next section of this order.

on the date they were filed in the *Welch* case (June 22, 2010).[5] Had Chief Judge Young intended for his earlier orders to be dispositive of whether these plaintiffs could file amended complaints, this language would not have appeared in his order.

**<u>Prejudice to Lilly</u>**

Lilly maintains that leave to amend should be denied in these cases because amendment will cause it "severe and unjustifiable prejudice." (Dkt. 23 p.6.[6]) The court has little doubt that Lilly has been prejudiced, primarily by having to defend against claims that are, in many cases, quite old. That prejudice, however, does not result from—nor will it be exacerbated by—the amendments requested in these three cases. Rather, the prejudice to Lilly results in significant part from the fact that for over four years, the *Welch* plaintiffs and their counsel did not or could not effectively develop a case that could proceed as a class action. This court has taken account of the plaintiffs' multiple failures in this regard. (*See, e.g., Welch* Dkt. 258.) The court therefore is not unsympathetic to Lilly's frustrations with this litigation generally and with the challenges it now faces in defending against allegations that have grown stale with the passage of time. But the question here is whether the *amendments* proposed in these three cases, under all the relevant circumstances, *cause* prejudice to Lilly. As explained below, they do not.

As noted before, the Second Amended Complaint in *Welch* devoted a paragraph or two to the claims of each individual named plaintiff. The proposed amended complaints in each of these three cases expand upon or detail the very general allegations from the Second Amended Complaint devoted to each individual. This court's examination of the proposed allegations reveals that they do not assert new claims or substantive legal theories; they simply allege more

---

[5] *Welch* Dkt. 541 ¶7. Lilly's briefs in opposition to amendment do not acknowledge this earlier filing date.

[6] Lilly's opposition brief is docketed at number 23 in each of the three cases.

factual support for the very general allegations contained in the Second Amended Complaint.[7] In fact, it is not even clear that the plaintiffs would be required to amend to add these matters to present them at trial. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) ("[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."). The court is hard-pressed to find any negative consequence amendment would have on the litigation of these cases, and, on the contrary, believes that the specificity of the allegations in the proposed amended complaints will likely advance the more orderly litigation of these cases.

Lilly's briefs in opposition to amendment attempt to identify new or different claims alleged in the proposed amended complaints,[8] but the court's examination of these allegations reveals that the allegations simply relate to *facts* advanced to support the plaintiffs' claims and are not new distinct claims.[9] When further pressed at oral argument for an example of a proposed new claim inconsistent with or not encompassed by the Second Amended Complaint, Lilly's counsel cited the fact that the proposed complaints, unlike the Second Amended Complaint, seek punitive damages. But punitive damages requests are not "claims," and if otherwise recoverable under the substantive law, a plaintiff would not be required to amend her complaint to recover them. *See Back Doctors Ltd. v. Metropolitan Property and Casualty Ins. Co.*, 637 F.3d 827

---

[7] Indeed, in the usual case, the court would more likely receive a motion for more definite statement from a defendant served with a complaint so lacking in factual detail as the current complaints in these cases.

[8] *See Keough* Dkt. 23 p.7; *Jones* Dkt. 23 p. 7; *Peterson* Dkt. 23 p. 7.

[9] This observation about what is encompassed by a "claim" refers to its meaning within the context of the Federal Rules of Civil Procedure. The court expresses no view about whether claims based on the facts alleged in the proposed amended complaints satisfy applicable administrative exhaustion requirements.

(7th Cir. 2011); *see also* Fed.R.Civ.P. 54(c) ("final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").[10]

The second factor that leads the court to determine that the proposed amended complaints do not cause prejudice to Lilly is that the substance of their allegations was thoroughly provided to Lilly in written discovery responses and declarations these plaintiffs provided during the *Welch* litigation. Those discovery responses were served on Lilly in early 2008 and were supplemented in 2009, and the declarations were filed in 2009. In other words, Lilly was well aware of these plaintiffs' specific individual contentions long before these individual cases were filed. In addition, Lilly has not yet taken these plaintiffs' depositions, so amendment will not require any repetition of those efforts. Amendment therefore will not be the cause of prejudice.

**Conclusion**

For these reasons, the plaintiffs' motions for leave to amend are GRANTED. The proposed amended complaints at docket 7-1 in each of these cases shall be filed and deemed served on the defendant. The defendant shall respond as provided by Fed.R.Civ.P. 15(a)(3).

So ORDERED.

Date: 07/05/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[10] Lilly's counsel suggested at oral argument that it would be unfair to permit a punitive damages request because the plaintiffs in the *Welch* litigation removed that request when they filed their Second Amended Complaint. Nothing in this order is intended to prevent Lilly from arguing at a later juncture that this circumstance would make a punitive damages award unjust. Moreover, whether the applicable law or facts would support an award of punitive damages in these cases could still be the subject of a dispositive motion.

Distribution:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Joseph F. DeBelder
HENRICHSEN SIEGEL, P.L.L.C.
jdebelder@hslawyers.com

Neil L. Henrichsen
HENRICHSEN SIEGEL PLLC
nhenrichsen@HSLawyers.com

Joseph C. Pettygrove
BAKER & DANIELS - Indianapolis
joseph.pettygrove@bakerd.com

Shands M. Wulbern
HENRICHSEN SIEGEL
swulbern@hslawyers.com